UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 14-mj-63 |
| | : | |
| COLLIN BLOUNT, | : | |
|     Defendant. | : | |

**MOTION FOR DETENTION**

      The United States moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. §§ 3142(e) and (f).

      1.      Eligibility for Detention. The defendant is eligible for detention because he is charged with a felony offense that involves the possession of a firearm. 18 U.S.C. § 3142(f)(1)(E).

      2.      Rebuttable Presumption. The United States invokes the rebuttable presumption that the defendant should be detained under 18 U.S.C. § 3142(e)(3)(B), because there is probable cause to believe he committed an offense under 18 U.S.C. § 924(c).

      3.      Reason For Detention. The law presumes that no conditions of release will reasonably assure the safety of the community or the defendant's appearance as required. 18 U.S.C. § 3142(e)(3)(C). The defendant bears the burden of rebutting this presumption. He cannot meet that burden.

      Blount is charged with providing crack cocaine to an individual he believed to be a drug addict, in exchange for a handgun. This transaction occurred yesterday in a public parking lot in

Rutland.  Prior to his crack-for-gun trade, in May 2014, law enforcement performed three controlled buys of crack cocaine from Blount (with a third-party serving as intermediary for one of those buys).  Immediately after trading crack for a handgun, and as officers approached to arrest him, Blount attempted to flee, first accelerating rapidly and driving into and over a center median of the parking lot.  As police vehicles attempted to block Blount from exiting the lot, he again accelerated, causing his car to strike an unmarked State Police truck and an unoccupied truck parked in the lot.  After striking these vehicles, and in a continuing effort to evade police, Blount drove over a steep embankment and his car collided with trees in a heavily wooded area.  After the crash, he exited his car and attempted to flee on foot.  Officers gave chase, eventually found him hiding in the woods, and placed him in custody.  The offense conduct – involving trafficking deadly narcotics, possession of a firearm in connection with drug dealing, and flight from law enforcement in a public place – in itself warrants Blount's detention as a flight risk and danger to the community.

The offense conduct is only the tip of the iceberg.  Blount's record establishes that he poses an intractable danger to the public.  He is a convicted felon, several times over, with a lengthy and serious criminal history.  By the government's reading of his record, he has the following convictions:

- Criminal sale controlled substance, **felony**, 2006;
- Criminal possession of controlled substance with intent to sell, **felony**, 2007;
- Criminal possession weapon: Loaded firearm, **felony**, 2007;
- Possession of contraband in prison, 2013; and
- Aggravated unlicensed operation of motor vehicle, 2013.

He appears to have committed the felony firearm and drug offenses in 2007 while on probation for his first felony drug offense.  On May 1, 2014, he was charged in New York with driving while intoxicated and other motor vehicle offenses.  Very shortly after those charges issued (*i.e.,* in the month of May 2014), he made crack cocaine sales to a confidential informant in Rutland.  And with those New York charges pending, he committed the instant offense, possession of a firearm in furtherance of a drug trafficking crime.  This track record of brazen defiance of the law and court orders reflects Blount's incurable dangerousness and warrants his detention.

Blount simply will not stop committing crimes that put the public at risk.  Since 2006, he has engaged in serious criminal conduct, even while on probation or while criminal charges are pending against him.  Blount has proven that no court-ordered conditions can mollify his criminal propensity.

In addition to his offense conduct and convictions, Blount is from New York; his connection to Vermont appears to be his drug dealing and other criminal conduct in the Rutland area.  He also uses aliases.  In light of these circumstances, his overall history of disregard for the law, the strength of the government's case, and the punishment he could receive if convicted (a five-year mandatory minimum prison sentence), Blount cannot be expected to abide by release conditions or appear in Court as required in this case.

For these reasons, the government respectfully submits that detention is the only way to reasonably assure the safety of the community and alleviate the risk of flight.

Dated at Burlington, in the District of Vermont, this 3d day of July, 2014.

                         Respectfully submitted,

                         UNITED STATES OF AMERICA

                         TRISTRAM J. COFFIN
                         United States Attorney

By:    */s/Christina E. Nolan*
        CHRISTINA E. NOLAN
        Assistant U.S. Attorney
        P.O. Box 570
        Burlington VT 05402-0570
        (802) 951-6725
        christina.nolan@usdoj.gov